```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Donald Nenninger,               :

    Plaintiff,               :

   v.                           :       Case No. 2:13-cv-1004

                                              :

Zanesfield Rod and Gun Club,            JUDGE GEORGE C. SMITH
                                        Magistrate Judge Kemp
    Defendant.               :


                     REPORT AND RECOMMENDATION


    On September 20, 2013, plaintiff Donald Nenninger filed an age discrimination complaint in the Court of Common Pleas of Logan County, Ohio against his employer, defendant Zanesfield Rod and Gun Club.  After pleading two claims based on retaliation and breach of contract Mr. Nenninger alleged, in Count Three, that the Rod and Gun Club's conduct "amounts to a violation of Ohio R.C. 4112.02 *et seq*. and the federal Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq*...."  Complaint, Doc. 2, ¶21.

    On October 8, 2013, the Rod and Gun Club filed a notice of removal.  It based its right to remove the case on the fact that, on its face, the complaint pleaded a claim arising under federal law - a proper basis for removal under 28 U.S.C. §1441(a).  Twenty-one days later, Mr. Nenninger moved to remand the case, arguing that this Court has no jurisdiction because he "does not intend to pursue an ADEA claim" and that his reference to the ADEA was for purposes of alerting the court that the same principles which guide the court's decision in an ADEA case are used to interpret Ohio Revised Code §4112.02.  The motion was

referred to the Magistrate Judge for decision under 28 U.S.C. §636(b)(1)(A) and is fully briefed.  For the following reasons, the Court recommends that the motion be denied.

## I. Discussion

The question presented by Mr. Nenninger's motion to remand is a simple one.  If a complaint filed in a state court appears, on its face, to plead a claim arising under federal law, is the case properly removed (and not amenable to remand) if the plaintiff claims not to have intended to plead a federal claim? The answer to that question is clearly yes.

Removal is time-sensitive - that is, a defendant, when faced with a state law case which is potentially removable, has only thirty days "after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ... ."  28 U.S.C. §1446(b).  That means, as a practical matter, that the defendant must make the decision about removal on the basis of that pleading, because that is usually all the information available to the defendant at the time of removal.  And, in fact, the case law fully supports the proposition that decisions about removal, whether made by the removing defendant or the court to which the action has been removed, must be based upon the state court complaint as it was filed - what the Court of Appeals has described as an "unadorned snapshot of the pleadings ...." Eastman v. Marine Mechanical Corp., 438 F.3d 544, 551 (6th Cir. 2006).

The Supreme Court has affirmed this principle repeatedly. So, for example, in Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987), this statement of the law is found:

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint

>rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See Gully v. First National Bank, 299 U.S. 109, 112-113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Obviously, such a rule is two-sided.  A plaintiff who does not wish to litigate in federal court may avoid removal by pleading only state law claims.  Any effort by a defendant to construe such a complaint as impliedly setting forth a federal claim, thus making the case removable, will ordinarily prove unsuccessful.  As the Court of Appeals said in Alexander v. Electronic Data Systems Corp., 13 F.3d 940, 943 (6th Cir. 1994), "the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action."  In order to protect a plaintiff's right to choose not to litigate federal law claims even if they would be available on the basis of the facts set forth in the complaint, "if the plaintiff chooses to bring a state law claim, that claim cannot generally be 'recharacterized' as a federal claim for the purpose of removal."  Roddy v. Grand Trunk Western R.R. Inc., 395 F.3d 318, 322 (6th Cir. 2005), quoting Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 514 (6th Cir. 2003).

The reverse situation, however, also holds true - that is, if the state court pleading sets forth a claim arising under federal law, the defendant has the right to rely on the pleading as written and to remove the case to federal court.  Under 28 U.S.C. §§1331(a) and 1441(a), this Court has jurisdiction of claims "arising under the ... laws ... of the United States."  "A

complaint arises under federal law if it: (1) states a federal cause of action ...." Ohio ex rel. Skaggs v. Brunner, 629 F.3d 527, 530 (6th Cir. 2010).  In order to answer the question of whether such a claim has been pleaded in state court, "courts must subject complaints to reasonable construction to determine what claims are being asserted, and ... a complaint which is clear in its reliance on federal law raises a federal question." Eastern States Health & Welfare Fund v. Philip Morris, Inc., 11 F.Supp.2d 384, 392 (S.D.N.Y. 1998).

   There is nothing unclear about Mr. Nenninger's third cause of action.  It expressly invokes the federal Age Discrimination in Employment Act and seeks relief available under that statute. A reasonable construction of the complaint leads to only one conclusion - that the claim in Count Three arises under federal law.  Mr. Nenninger's subsequent effort to explain that he did not actually mean what he said in the complaint is unavailing; the face of the complaint controls, and the face of his complaint pleads a claim under the ADEA.

      As a final effort to obtain remand, Mr. Nenninger argues that he could not have meant to assert a claim under the ADEA because he did not plead all of the elements of such a claim. This argument confuses the issues of whether a complaint invokes the jurisdiction of the federal courts and whether it states a claim that can survive a motion to dismiss filed under Fed.R.Civ.P. 12(b)(6).

   As early as 1946, in Bell v. Hood, 327 U.S. 678, 682 (1946), the Supreme Court held that

> Jurisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on

the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy.

That conclusion is repeated in <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 89 (1998), where the Court said that "[i]t is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction." And the Court of Appeals has held, in language which is directly contrary to Mr. Nenninger's argument, that "[r]emoval is proper if the plaintiff's allegations are federal in character regardless of whether they state a redressable claim." <u>Fisher v. City of Detroit</u>, 4 F.3d 993, *1 (6th Cir. Sept. 9, 1993)(Table).  Consequently, whether Mr. Nenninger actually succeeded in properly pleading a claim under the ADEA is not relevant to the question of the Court's removal jurisdiction.  His claim under that statute is federal in character whether he pleaded all of its elements or not.  That is enough to support the Rod and Gun Club's right to remove.

If Mr. Nenninger really wishes to litigate only state law claims he may, of course, attempt to amend his complaint to eliminate the ADEA claim.  He would have to satisfy the requirements of Rule 15(a) in order to do so, and would also have to persuade the Court that he is not attempting to manipulate the Court's jurisdiction.  As this Court has pointed out, "efforts to manipulate a court's jurisdiction by pleading claims in the state court which are within the jurisdiction of a federal court, hoping that the defendant

will not remove the case, and then attempting to force a remand if that hope is not fulfilled, are disfavored and disallowed." <u>Williamson v. Recovery Ltd. Partnership</u>, 2009 WL 649841, *6 (S.D. Ohio March 11, 2009).  Further, even "if an amendment eliminates all the federal claims, remand becomes a discretionary decision for the district court." <u>Eastman, supra</u>.  But that is a determination for another day.  Mr. Nenninger has not moved for leave to amend, but rather has argued only that the removal of this case was improper.  Because that argument is incorrect, the motion to remand lacks merit.

## II. <u>Conclusion</u>

For the reasons set forth above, this Court recommends that plaintiff's motion to remand (Doc. 8) be denied.

## III. <u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a

waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/Terence P. Kemp
United States Magistrate Judge